## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES CALVIN DYER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-CV-249-JHP-PJC ) |
| JIM RABON, an individual, ARTHUR LIGHTLE, an individual, and CARLA M. RICKMAN, an individual, | ) ) ) ) |
| Defendants. | ) ) |

### ORDER

Now before the court are the defendants' Motions for Summary Judgment filed by Jim Rabon, Arthur Lightle, and Carla M. Rickman. Plaintiff has filed Responses to the motions, and Defendants have filed Replies. The instant case arises from a Complaint filed by the plaintiff pursuant to 42 U.S.C.A. §1983 alleging violations of his Eighth, and Fourteenth Amendment rights due to improper administration of his prison sentence. The individual defendants have denied the plaintiff's allegations and have asserted as an affirmative defense they are entitled to qualified immunity

### I. Background

On June 1, 2002, Plaintiff was charged in Tulsa County District Court with robbery with force in violation of Okla. Stat. tit. 21, § 801. An Amended Information was filed in Tulsa County District Court on August 17, 2001, which reflects Plaintiff, along with three others, robbed an individual using a knife. The Amended Information was silent as to the charging statute. On October 22, 2001, Plaintiff entered a plea and was found guilty of Robbery with Force.

After Plaintiff began serving his sentence with the Department of Corrections, Plaintiff

discovered he was not receiving credits for his sentence reduction as he had anticipated. Plaintiff believed the correction officials failed to attribute him sentencing-reducing credits because they were calculating his credits based on robbery with a dangerous weapon rather than robbery with force. Pursuant to Okla. Stat. tit. 21, § 13.1, persons convicted of robbery with a dangerous weapon are required to serve not less than 85 percent of any prison term before becoming eligible for parole consideration.

Plaintiff asserts he contacted Defendant Rabon, Administrator for the Sentence Administration Division for the Department of Corrections, alleging he was not convicted of robbery under Okla. Stat. tit. 21, § 801 and should be receiving earned credits. Based upon this contact, Defendant Rabon reviewed the docket in Case No. CF-2001-3157 which reflected Plaintiff had been convicted of robbery with force in violation of Okla. Stat. tit. 21, § 801. Defendant Rabon informed Plaintiff of his findings and further informed him that any relief would have to be obtained through the Tulsa County District Court.   Defendant Rickman, Records Officer for Dick Conner Correctional Center, received a Request to Staff from Plaintiff regarding Plaintiff's belief he was not receiving the earned credits to which he was entitled. Prior to receiving the Request to Staff, Rickman had been made aware of this issue by virtue of communications between Defendant Rabon and Plaintiff's unit manager. Defendant Rickman was also aware of the fact court records had been checked and it was Defendant Rabon's position and belief Plaintiff had been convicted of robbery under Okla. Stat. tit. 21, § 801, an 85 percent crime. Based upon this information, Defendant Rickman responded to Plaintiff's Request to Staff by stating that robbery under Section 801 was an 85 percent crime.

Defendant Lightle, Warden for Dick Conner Correctional Center, responded to the

grievance filed by Plaintiff. The grievance response reiterated the information which had been previously provided to Plaintiff and informed Plaintiff that any relief sought would need to come from the Tulsa County District Court. Defendant Lightle relied on the information provided by the Department of Corrections sentence administration and the records clerk. Thereafter, Plaintiff filed a motion with the Tulsa County District Court for an Order Nunc Pro Tunc and Application for Post Conviction Relief. Consequently, an Amended Judgment and Sentence was entered by the Tulsa County District Court on December 22, 2004, reflecting Plaintiff was convicted of robbery with force. The charging statute was not identified.

Technically, the Amended Judgment and Sentence did not correct the ambiguity since Section 1971 simply defines robbery. The different types of robbery for which a suspect may be charged and convicted are found at Okla. Stat. tit. 21, §§ 797-801. The parties agree both the original and Amended Information indicate a knife was used in the robbery. Nevertheless, the record reflects it is the practice of Defendants when District Court records are silent on the statute under which an inmate is convicted, to calculate the inmate's earned credits under the lesser charge of second degree robbery. Plaintiff's credits were recalculated based upon this practice and Plaintiff's sentence was modified accordingly. The docket in Case No. CF-2001-3157 reflects the Amended Judgment and Sentence was entered on December 22, 2004, and Plaintiff was released on December 23, 2004.

### I. Qualified Immunity

The record establishes that Defendants were acting in their official capacity as public employees and are therefore entitled to qualified immunity unless Plaintiff clearly establishes that

Defendants knowingly violated his Constitutional rights. *Siegert v. Gilley*, 500 U.S. 226 (1991); *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Cleavinger et al. v. Saxner et al.*, 474 U.S. 193 (1985); *Valdez v. City and County of Denver*, 878 F.2d 1285 (10th Cir. 1989), and *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812 (10th Cir. 1981). "The doctrine of qualified immunity provides that government officials generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Clanton v. Cooper*, 129 F.3d 1147, 1153 (10th Cir. 1997)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Rozek v. Topolnicki*, 865 F.2d 1154, 1157 (10th Cir. 1989)

When a defendant pleads qualified immunity, the plaintiff must then make a two-part showing. *See Clanton*, 129 F.3d at 1153; *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). "First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right." Id. "Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." Id. "In order to carry [this] burden, the plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant violated it. Rather, the plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity. . . . " *Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995) (citations omitted).

For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); see also *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995) (quoting *Anderson*). Plaintiff is not required to show that the very conduct in question has

4

previously been held unlawful. *See* Anderson*, 483 U.S. at 640;* Albright*, 51 F.3d at 1535.* He or she is, however, required to demonstrate the unlawfulness was "apparent" in light of established law. *See* Anderson*, 483 U.S. at 640;* Albright*, 51 F.3d at 1535.* Generally, this requires that the plaintiff demonstrate a "substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." Hannula v. City of Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990); see also* Romero*, 45 F.3d at 1474.* Unless the plaintiff demonstrates both that the defendant's conduct violated a federal right and the right was clearly established, the defendant must be granted qualified immunity. *See* Albright*, 51 F.3d at 1535.*

Defendants assert that based upon the court records in Tulsa County Case No. CF-2001-3157, they had a good-faith belief that Plaintiff was convicted under Okla. Stat. tit. 21, § 801. Therefore, Plaintiff's sentence was administered as though he were serving time for an 85 percent crime. Plaintiff has failed to allege conduct of Defendants which violate Plaintiff's constitutional rights. Defendants calculated Plaintiff's credits correctly and acted reasonably under applicable standards and based upon the information available to them at the time. The Amended Information contained the necessary statutory elements of robbery under Okla. Stat. tit. 21, § 801, use of a dangerous weapon, a knife, in the robbery. Additionally, the sentence imposed by the Judgment and Sentence complied with the appropriate sentence for robbery under Section 801, a period of not less than five years. When the issue was brought to Defendants attention, they verified the conviction with the District Court records and it was confirmed that Plaintiff was convicted of robbery with force under Section 801.

Defendants had no reason to know that relying on the information in the District Court's docket and Judgment and Sentence in administering Plaintiff's sentence would result in improper

calculation of Plaintiff's credits. Defendants had a good faith belief that Plaintiff was convicted under Section 801 and was serving an 85 percent crime. At best, the Judgment and Sentence, which referenced Plaintiff's crime as robbery with force without reference to a statute, was open to more than one interpretation and reasonable officials could disagree as to the proper interpretation of the Judgment and Sentence. By definition every robbery, regardless of under which of the statutes found at Okla. Stat. tit. 21, §§ 797-801 the accused is convicted, is a robbery by force. Okla. Stat. tit. 21, § 791. Further evidence of ambiguity is evidenced by the Tulsa County District Court's decision to enter an Amended Judgment and Sentence on December 22, 2004. If officials of reasonable competence could disagree as to the appropriate interpretation, immunity should be granted. *Melton v. City of Oklahoma City*, 879 F.2d 706, 728-729 (10th Cir. 1989).

The undisputed facts demonstrate Defendants' conduct was reasonable and did not violate clearly established law. There was no basis for Defendants to believe the very act in question, their reliance on and calculation of Plaintiff's sentence in accord with the Tulsa County District Court's docket reflecting conviction under Section 801, violated clearly established law. Therefore, Defendants are entitled to qualified immunity.

Accordingly, Defendants' Motions for Summary Judgment are granted.

**IT IS SO ORDERED this 26th day of January 2007.**

James H. Payne
United States District Judge
Northern District of Oklahoma